ROBERT BREEZE #4278
Attorney for Defendant
402 East 900 South #1
Salt Lake City, Utah 84111
Telephone:   (801) 322-2138
Facsimile:   (801) 328-2554
E-mail:   robert.breeze@gmail.com

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH,

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO.  2:10cr551-TC |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MOTION FOR DAUBERT |
| v. | ) | HEARING |
| | ) | |
| BRYAN JAMES GARDNER, | ) | |
| Defendant. | ) | |
| _____) | | Magistrate Judge Paul M. Warner |

COMES NOW the Defendant who hereby requests a Daubert hearing so that the court may determine the admissibility of the proposed testimony of the three experts disclosed by the government at Doc. 172.

The basis for this motion is that though the government filed a notice of intent to rely on expert testimony.  The government has not provided an expert report from any of the alleged experts, except a quasi rebuttal report from Michael Jensen.

1.   Special Agent Michael Jensen.  The government did provide an FTK forensic disc with respect to Special Agent Michael Jensen however the disc contains no analysis and the government has not provided a report from Special Agent Michael Jensen.  It is the position of the defense that the government cannot establish reliability with respect to Special Agent Michael Jensen because he did not do any actual analysis

1

regarding the data on the hard drive allegedly related to this case.  Agent Jensen merely engaged in data acquisition and examination however there is no analysis.  Further, his rebuttal report is unreliable because it assumes as true facts which are false.

2. Stacey T. Evans.  Stacey Evans conducted shallow FTK analysis apparently in April of 2011 however the disc submitted with respect to Stacey T. Evans does not contain an expert report or any significant analysis.

3. F.B.I. Agent Jeffrey Ross.  The government has not provided an expert report with respect to Special Agent Jeffrey Ross.  The notice filed by the government (Doc. 172) does not provide enough detail as to the proposed testimony of Agent Ross that the defendant can adequately prepare for trial.  Further, at this stage it is impossible to determine whether the proposed testimony from Agent Ross meets the reliability criteria set forth in Daubert because there is no information indicating exactly what the agent may testify about.

Wherefore, defendant requests a Daubert hearing with respect to each of the proposed government expert witnesses.

DATED this 19 day of October, 2012.

                               s/ Robert Breeze
                               Robert B. Breeze
                               Attorney for Defendant

**CERTIFICATE OF SERVICE**

I certify I via e-filing served a true and correct copy of the foregoing to:

>Trina A. Higgins
>Assistant United States Attorney
>185 S. State Street #300
>Salt Lake City, Utah 84111-1506

On this 19 day of October, 2012.

>s/ Robert Breeze