IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRYAN JAMES GARDNER,<br><br>　　　　　　Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:10-CR-551-TC |

　　　　On August 8, 2012, Defendant Bryan James Gardner was indicted on one count of possession of child pornography (Count I) and one count of distribution of child pornography (Count II).  (See Superseding Indictment, Docket No. 112.)  On October 12, 2012, he filed a Motion to Sever Counts, citing Rule 14 of the Federal Rules of Criminal Procedure.  (See Mot. to Sever (Docket No. 160).)  Under Rule 14, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a) (emphasis added).

　　　　In his motion to sever, Mr. Gardner stated that he "desires to testify as to Count I but not as to Count II."  (Mot. to Sever at 1.)  At Mr. Gardner's request, the court allowed Mr. Gardner to proffer testimony in a sealed ex parte hearing in order to fully explain the basis for his argument that he is entitled to severance of the two counts (and, consequently, two separate trials).  Immediately after Mr. Gardner made his proffer, the court held a hearing during which the

United States and Mr. Gardner argued their respective positions. Based on Mr. Gardner's proffer, the pleadings, the case law, and arguments of counsel, the court DENIES Mr. Gardner's motion to sever Count I from Count II for the reasons set forth below.

## ANALYSIS

The burden to establish prejudice, which lies with the defendant seeking severance, is an extremely difficult burden to satisfy. United States v. Martin, 18 F.3d 1515, 1518 (10th Cir. 1994). Mr. Gardner must show that he would suffer actual prejudice. United States v. Caldwell, 560 F.3d 1214, 1221 (10th Cir. 2009). He must also demonstrate that the alleged prejudice he would suffer from a single trial on the two counts outweighs the expense and inconvenience of separate trials. Martin, 18 F.3d at 1518 (citing United States v. Parra, 2 F.3d 1058, 1062 (10th Cir. 1993)). Because Mr. Gardner wishes to testify about Count I but to remain silent on Count II, he must show the court that "'he has both important testimony to give concerning one count and strong need to refrain testifying on the other [count].'" Martin, 18 F.3d at 1518-19 (quoting (United States v. Valentine, 706 F.2d 282, 291 (10th Cir. 1982)). When making its decision, the court must have sufficient information

> regarding the nature of the testimony that [the defendant] wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable [the court] to intelligently weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.

Id. (emphasis added).

Count I involves allegations that Mr. Gardner possessed images of child pornography on a computer located in his father's home where Mr. Gardner lived for some time. Count II is based on allegations that, during the same time frame covered by Count I, Mr. Gardner uploaded

approximately fifteen images of child pornography to the internet by using a file sharing program and a "wi-fi" device owned by Mr. Gardner. One of the images allegedly distributed through the "wi-fi" device is also allegedly on the computer in the home.

      Mr. Gardner contends that, absent severance of the two counts, he will be prejudiced because he will be forced to remain silent on a defense to the possession charge in order to avoid testifying about matters relating to the distribution charge. In other words, he is "fearful that the government, on cross-examination, will delve into areas related to Count II during [their] cross-examination regarding Count I"[1] and, to avoid such possibility, he will have to give up his opportunity to testify on his own behalf regarding the computer at issue in Count I.

      In his motion, Mr. Gardner says he expects that the evidence the United States will use to prove the possession charge "will consist <u>entirely</u> of the existence of the images on the hard drive of the <u>family computer</u> and defendant's prior convictions for sexual exploitation of a minor and child molestation." (Mem. Supp. Mot. Sever Counts (Docket No. 161) at 2.) But, given the United States representations at the court's hearing on the motion to sever, Mr. Gardner's characterization of the scope of the prosecution's evidence is incorrect. As noted above, at least one image alleged to be connected to the wi-fi device also allegedly exists on the home computer. Given this overlap, the United States says it intends to introduce evidence relating to the "wi-fi" device to support its case against Mr. Gardner for possession, not just distribution, of that image. The United States also maintains that its case-in-chief will be essentially the same whether presented at one trial or two trials.

---

[1] Mot. to Sever (Docket No. 160).

Severance would not accomplish Mr. Gardner's stated goal. If the court allowed severance and Mr. Gardner chose to testify during the first trial on Count I, he would be subject to cross-examination during the first trial on evidence that would be presented during the second trial on Count II. A choice by Mr. Gardner to remain silent during a second trial on Count II would not solve the problem he wishes to avoid, because he will presumably have been required to testify on the very same evidence in the earlier trial. In addition, according to Mr. Gardner's proffer, he has evidence other than his own testimony that will establish a defense to Count I. Under the circumstances, Mr. Gardner's stated prejudice—giving up the opportunity to testify on his behalf to defend against Count I—does not outweigh the expense and inconvenience of two separate and almost identical trials.

## ORDER

For the foregoing reasons, the court finds that Mr. Gardner has not met his burden under Rule 14. Accordingly, his Motion to Sever Counts (Docket No. 160) is DENIED.

DATED this 25th day of October, 2012.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge