IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>BRYAN JAMES GARDNER,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:10-CR-551-TC |

The United States filed a Notice of Intent to Introduce Evidence Pursuant to Rule 414

(Dkt. No. 164) and a Notice of Intent to Introduce Evidence Pursuant to Rule 404(b) (Dkt. No.

206).  Defendant Bryan James Gardner objects to the admission of the evidence disclosed in the

United States's two notices.

The court heard arguments on the motions on December 11, 2012.  With one exception,

described below, the court holds that the evidence is admissible.

## ANALYSIS

### A.      The Evidence

The government identified the evidence it seeks to offer under Federal Rules of Evidence

404(b) and 413:

> 1) Defendant's prior state court convictions for sexual abuse of a child and sexual
> exploitation of a minor; 2) The facts that form the basis of Defendant's 1997
> conviction for sex abuse of a child including the conduct and the fact that the
> victims were four 7 and 8 year old boys; 3) The facts that form the basis of
> Defendant's 2005 conviction for sexual exploitation of a minor including that the

videos the defendant possessed were of naked prepubescent boys; 4) Defendant's
admissions to Detective Anderson on April 13, 2005 that he is only attracted to
young boys sexually, that he watches movies of young boys and keeps logs of his
favorite movies and his answer of yes to the question of whether he does so
looking for masturbatory material, that he has fantasies of having sex with kids
and that he masturbates to fantasies of having sex with kids; 5) Statements made
by Defendant to others in September 2011 that he is interested in young boys, that
he was planning to snatch a kid to film, and that he is into bondage and rape of
boys; and 6) The terms written in Defendant's notebook that are related to child
pornography.

(Gov't 404(b) Notice [Dkt. No. 206] at 1-2.)

The government contends that Mr. Gardner's prior state court convictions listed above as

item "1" (the 1997 conviction for attempted sex abuse of a child and the 2005 conviction for

child exploitation) are also admissible under Rule 414 of the Federal Rules of Evidence.  Along

with the fact of the two convictions, the government wants to introduce evidence related to them.

Mr. Gardner objects to the admission of all of the evidence.  He argues that the 2005

conviction was not a conviction for child molestation and so cannot be admitted under Rule 414.

He also maintains that the evidence is not being offered for a proper purpose under Rule 404.

Finally, he contends that Rule 403 of the Federal Rules of Evidence, which the court must

consider in making an analysis under both Rule 404(b) and Rule 414, precludes admission of the

evidence because the prejudicial value outweighs the probative value.

**B.**     **Rule 414 Evidence**

Rule 414 provides in pertinent part: "In a criminal case in which a defendant is accused of

child molestation, the court may admit evidence that the defendant committed any other child

molestation.  The evidence may be considered on any matter to which it is relevant."  Fed. R.

Evid. 414(a).  Rule 414 defines the offense of "child molestation" to include a crime under

2

federal or state law involving conduct proscribed under Chapters 109A or 110 of Title 18 of the

United States Code, or involving "contact between any part of the defendant's body—or an

object—and a child's genitals or anus." Fed. R. Evid. 414(d)(2).  Conspiracies and attempts are

also included.  Fed. R. Evid. 414(d)(2)(F).

Before admitting evidence under Rule 414, the court must make a threshold

determination  whether "(1) the defendant is accused of a crime involving sexual assault or child

molestation, (2) the evidence proffered is evidence of the defendant's commission of another

offense or offenses involving sexual assault or child molestation, and (3) the evidence is

relevant." United States v. Benally, 500 F.3d 1085, 1090 (10th Cir. 2007) (citations omitted).  A

court must also determine whether a reasonable jury could find by a preponderance of the

evidence that the other act occurred.  Id.  Finally, a court must weigh the evidence under the

Federal Rules of Evidence to determine whether the prejudice substantially outweighs the

probative value.  Id.  To conduct this balancing test, the court must consider

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of
> the material fact it is admitted to prove; 3) how seriously disputed the material
> fact is; and 4) whether the government can avail itself of any less prejudicial
> evidence. When analyzing the probative dangers, a court considers: 1) how likely
> it is such evidence will contribute to an improperly-based jury verdict; 2) the
> extent to which such evidence will distract the jury from the central issues of the
> trial; and 3) how time consuming it will be to prove the prior conduct.

Id.

Regarding his 1997 conviction, Mr. Gardner does not challenge the first two prongs of

the threshold question.  He contends, though, that the evidence is not relevant and the unfair

prejudice substantially outweighs the probative value.  For his 2005 conviction, Mr. Gardner

argues not only that the evidence is not relevant and falls short under Rule 403's balancing test,

he also maintains that his Utah state conviction was not for child molestation.

The court agrees with Mr. Gardner that his 2005 state conviction does not meet the definition of child molestation under Rule 414. Mr. Gardner plead guilty in June 2005 to two counts of Sexual Exploitation of a Minor in violation of Utah Code Annotated § 76-5a-3 (renumbered in 2011 to § 76-5b-201) which prohibits possession of child pornography. Both the state and federal statutes define child pornography as the visual depiction of a minor engaging in sexually explicit conduct. See Utah Code Ann. § 76-5b-103(1); 18 U.S.C. § 2256(2)(A). But Utah Code Annotated § 76-5b-103(10)(f) (formerly § 76-5a-2(8)(f)) has a definition of "sexually explicit conduct" not found in § 2256(2)(A): "the visual depiction of nudity or partial nudity for the purpose of causing arousal of any person." The government argues that the type of visual depiction described in § 76-5b-103(10)(f) is covered by the federal definition of sexually explicit conduct: "lascivious exhibition of the genitals" found in § 2256(2)(A)(v). The court disagrees. The Utah code definition does not require that the genitals be exhibited, yet that requirement is part of the federal definition. For that reason, the court concludes that Mr. Gardner's 2005 conviction is not admissible under Rule 414, although, as discussed later in this order, it is admissible under Federal Rule of Evidence 404(b).

Turning to Mr. Gardner's 1997 convictions—attempted sexual abuse of a child and sexual abuse of a child (both violations of Utah Code Annotated § 76-5-404.1)—the court concludes that these convictions are relevant and the probative value outweighs any unfair prejudice.

Federal Rule of Evidence 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence, and the fact

is of consequence in determining the action." Fed. R. Evid. 401. The Tenth Circuit Court of Appeals analyzed the question of relevance under Rule 413 and noted that "[a] defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another. Evidence of such a propensity is therefore relevant." United States v. Guardia, 135 F.3d 1326, 1328 (10th Cir. 1998). Evidence of Mr. Gardner's 1997 conviction is relevant because is shows that he has a propensity to commit sexual crimes involving male children. (See Transcript of Dec. 11, 2012 Hr'g ("Tr.") at 8.)

Although the evidence is relevant, the court must still weigh the evidence under Federal Rule of Evidence 403. The court is aware of the instruction given by the Tenth Circuit Court of Appeals that the exclusion of Rule 413 evidence "should be infrequent, reflecting Congress's legislative judgment that evidence of similar crimes should 'normally' be admitted in child molestation cases." United States v. Sturm, 673 F.3d 1274, 1285 (10th Cir. 2012) (citation omitted). The court finds that:

1.      The prior act has been clearly proved. Mr. Gardener plead guilty to and was convicted of the prior act.

2.      The evidence is probative of the material fact that it is admitted to prove. The government seeks to offer the fact that Mr. Gardner was convicted of sexual abuse and attempted sexual abuse of young boys to show his sexual interest in young boys (the majority of the images in the present case are of young boys (see Tr. at 9)). Although the time interval between Mr. Gardner's 1997 conviction and the date of the present charges (2008 to 2010) is eleven years, this interval is not significant because Mr. Gardner was incarcerated for much of that time.

3.      Here, the material fact of who viewed the images is seriously disputed.

5

Throughout this case, Mr. Gardner has made clear that his defense is that many other people had access to the Gardner family computer and the government cannot prove that he possessed the images found on the computer.

4.      The government cannot avail itself of any less prejudicial evidence.  The government argues that other than the testimony of certain members of the Gardner family, it has "very little else to show that Mr. Gardner was, in fact, the person sitting at the computer when those images were being viewed and possessed."  (Id. at 13.)

The court concludes, after carefully weighing the evidence under Rule 403, that the 1997 conviction is admissible under Rule 413.

## C.      Rule 404(b) Evidence

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character that on a particular occasion the person acted in accordance with the character."  It may, however, be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

In weighing the admissibility of evidence under Rule 404(b), trial courts are to consider four factors: "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests."  United States v. Mares, 441 F.3d 1152, 1156 (10th Cir. 2006) (citing Huddleston v. United States, 485 U.S. 681, 691 (1988)).  With these considerations in mind, the court holds as follows:

1.      The Government has identified a proper purpose.  The government seeks to admit

the evidence listed in its Notice (Dkt. No. 206) for the purpose of showing that Mr. Gardner knowingly possessed the images found on the Gardner family computer.  As the court discussed above, Mr. Gardner's defense is based on his contention that numerous people had access to that computer.

2.      The evidence is relevant.  All of the proffered evidence relates to Mr. Gardner's sexual interest in young boys.  Items numbered 3, 4, 5 and 6 also evidence Mr. Gardner's prior possession of movies and images of child pornography.

3.      The probative value of the proffered evidence outweighs the prejudicial effect except for the evidence in item 6, that Mr. Gardner was planning to "snatch a kid to film, and that he is into bondage and rape of boys."  (404(b) Notice [Dkt. No. 206].)  The court will not allow that evidence to be admitted.

4.      The court will give a limiting instruction before the evidence is admitted.

**ORDER**

For the foregoing reasons, Mr. Gardener's Motion In Limine Re: Prejudice (Dkt. No. 162) is DENIED.

DATED this 3rd day of January, 2013.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge